10-4930-cv
Arredondo v. Arredondo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> Chief Judge,
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
>> Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

CARLOS A. ARREDONDO, in his capacity as Trustee of 2000 Trust for Grandchildren of Carlos A. Arredondo & Mari V. Arredondo, Gen. Partner of Arredondo Prop. LP,

> Plaintiff-Appellant,

-v.-                                        10-4930-cv

CAESAR A. ARREDONDO, I/O as Trustee of 2000 Trust for Grandchildren of Caesar A. Arredondo & Carolyn Abad Arredondo; 2000 TRUST FOR GRANDCHILDREN OF CAESAR A. ARREDONDO & CAROLYN ABAD ARREDONDO, in its capacity as Gen. Partner of Arredondo Prop. LP; ARREDONDO & CO., LLC,

> Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -X

1

**FOR PLAINTIFF-APPELLANT:** Martin J. Elgison (Jason D. Rosenberg, <u>on the brief</u>), Alston & Bird LLP, Atlanta, GA.

**FOR DEFENDANTS-APPELLEES:** Craig A. Raabe (Jeffrey J. White, <u>on the brief</u>), Robinson & Cole LLP, Hartford, CT (David M. Kelly, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, <u>on the brief</u>).

Appeal from a judgment of the United States District Court for the District of Connecticut (Droney, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-Appellant, Carlos A. Arredondo ("Carlos"), appeals the District Court's judgment in favor of the Defendants-Appellees, including his brother, Caesar A. Arredondo ("Caesar"). After a bench trial, the District Court decided that the entity partially owned by Carlos -- Arredondo Properties Limited Partnership ("APLP") -- did not own the trademark at issue. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On an appeal from a bench trial, we review a district court's conclusions of law de novo and the findings of fact for clear error. Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd., 190 F.3d 64, 67 (2d Cir. 1999). A district court's factual "finding is clearly erroneous only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. at 67-68 (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)).

In 1999, Carlos sold his interests in Arredondo & Co., LLC ("A&Co") for $100,000. That sale covered all "good will" and "trademarks" owned at that time and in the future. The agreement also released Caesar and A&Co "from any claim, known or unknown, that [Carlos] may have against either or both of them arising from his ownership of an interest in [A&Co] or any actions relating to the operation of [A&Co]"

The record does not identify any other trademarks besides the trademark at issue that could have been included in the sale. Moreover, Carlos admitted in his testimony that, at the time of the sale, he knew that the trademark at issue here had been purchased by A&Co before Carlos sold his interest in A&Co to Caesar. Accordingly, Carlos was aware that he was selling his interest in the trademark.

3

Carlos argues that the trademark was owned by APLP. This is incorrect. It has long been settled that "first use" determines who owns a trademark. ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 147 (2d Cir. 2007) (citing Defiance Button Mach. Co. v. C & C Metal Prods. Corp., 759 F.2d 1053, 1059 (2d Cir. 1985)); accord Am. Express Co. v. Goetz, 515 F.3d 156, 161 (2d Cir. 2008) (per curiam) (quoting La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc., 495 F.2d 1265, 1271 (2d Cir. 1974)). APLP was nothing more than a passive investor that (along with several other entities owned, controlled, and operated by Caesar and Carlos) invested (in some form or another) in the storage business that used the trademark. APLP did not use the trademark and was certainly not the first to use it. Passive investment is insufficient to establish APLP's ownership of a trademark.

We have considered all of Plaintiff-Appellant's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4